Sickel v. Bishop.

BERNARD SICKEL ET AL. V. JOHN S. BISHOP, ADMINIS-
TRATOR.

FILED DECEMBER 21, 1897.   No. 7696.

1. **Action on Note:** EVIDENCE OF RELEASE OF SURETY: VERDICT FOR
   PLAINTIFF.   Evidence examined, and *held* to sustain the finding of
   the jury.

2. **Review:** ASSIGNMENTS OF ERROR: SET-OFF.   Under an assignment
   that "the verdict is not supported by sufficient evidence" this court
   cannot deduct from the award made by the jury the amount of a
   counter-claim or set-off existing in favor of the defendant, and
   against the plaintiff, where the same was not interposed as a de-
   fense to the action.

ERROR from the district court of Lancaster county.
Tried below before STRODE, J.  *Affirmed.*

*Don L. Love,* for plaintiffs in error.

*John S. Bishop, contra.*

RAGAN, C.

In the district court of Lancaster county John S.
Bishop, administrator, sued Bernard Sickel and Luther
P. Ludden upon a promissory note.  Bishop had a ver-
dict and judgment, and Sickel and Ludden bring the
same here for review on error.

1. One argument relied upon here for a reversal of
the judgment is that the verdict of the jury is not sus-
tained by sufficient evidence.  The execution and de-
livery of the note are admitted.  It seems that the con-
sideration for the note was some personal property sold
by Bishop's intestate to Sickel, and Ludden signed the
note as surety.  Ludden's defense was that some time
after the note was given a chattel mortgage was exe-
cuted to Bishop on the property for which the note was
given, and that Bishop agreed that in consideration of
the securing of the note by this mortgage Ludden should

be released from the note. The evidence on behalf of Ludden tended to support his defense, while the evidence on behalf of Bishop tended to overthrow such defense. In other words, the evidence on the issue was conflicting, and all we can say upon the subject is that the finding of the jury that Ludden had not made out his defense has sufficient evidence for its support. The defense of Sickel was that he surrendered the mortgaged property to Bishop upon an agreement, then and there made between them, that Bishop should take the property in discharge of the debt evidenced by the note. The evidence on behalf of Sickel tended to support this defense, while the evidence on behalf of Bishop tended to overthrow it. Here again the evidence was conflicting; but it supports the finding of the jury that Sickel had not established his defense.

2. Another argument made here is that the award made by the jury to Bishop is excessive. This contention of plaintiff in error is based upon another contention of his,—that Bishop seized and sold the property which was mortgaged to secure the payment of the note sued upon, and that the note should be credited with the value of that property. The answer to this contention is that if the fact existed, it was a matter of defense for the plaintiffs in error, and they should have filed a counter-claim or set-off for the value of such property. No such an issue as this is made in the pleadings or was litigated on the trial, and, under an assignment that "the verdict is not supported by sufficient evidence," we cannot reduce the award made by a jury by the amount of a counter-claim or set-off which existed in favor of the defendant against the plaintiff when it was not interposed as a defense to the action. The judgment of the district court is right and is

AFFIRMED.